UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DENISE DEROSIA,**

        **Plaintiff,**

        v.                                Case No. 17-CV-1671

**CREDIT CORP SOLUTIONS, INC**
**d/b/a TASMAN CREDIT CORP,**

        **Defendant.**

## ORDER

### INTRODUCTION

Plaintiff Denise Derosia filed this lawsuit against defendant Credit Corp. Solutions, Inc., d/b/a Tasman Credit Corp (Tasman), alleging claims under the Fair Debt Collection Practices Act (FDCPA) and the Wisconsin Consumer Act (WCA). (ECF No. 1.) Both parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 5, 8.) Tasman moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 12(b)(1) for failure to plead standing. (ECF No. 12.) The parties have fully briefed the motion, which is ready for resolution.[1]

---

[1] Derosia filed an expedited motion under Civil Local Rule 7(h) to file a surreply brief in opposition to Defendant's motion to dismiss. (ECF No. 17.) She argues that in reply Tasman raised new arguments and cited to new cases for the first time. (ECF No. 17, ¶ 3.) Tasman did not raise any new arguments in its reply brief. Therefore, Derosia's motion to file sur-reply brief (ECF No. 17) will be **denied**.

# FACTS

Tasman is a "receivables management company that purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans." (ECF No. 1, ¶ 12.) Tasman is licensed with the Wisconsin Department of Finance as a "Sales Finance Company." (ECF No. 13 at 2.) Tasman is registered with the Utah Department of Commerce as a "Collection Agency." (ECF No. 1, ¶ 8.) Tasman held a Wisconsin collection agency license between July 1, 2014, and April 11, 2017, after which that license expired. (ECF No. 1, ¶ 32.)

On September 20, 2017, Tasman purchased a $2,142.22 debt from Synchrony Bank – Care Credit Weight Loss (Debt) incurred by Derosia. (ECF No. 13 at 2.) On October 9, 2017, Tasman mailed Derosia Tasman's Validation Notice (Notice), informing her of the assignment of the Debt and the outstanding balance. (ECF No. 1, ¶ 21.) On the back of the Notice was a sentence that read: "This collection agency is licensed by the Division of Banking in Wisconsin Department of Financial Institutions, www.wdfi.org." (ECF No. 1, ¶¶ 26-27.)

Derosia alleges that this statement is false and misleading because Tasman is *not* licensed as a collection agency by the Division of Banking or any other Wisconsin governmental agency and was not so licensed at the time the Notice was sent to her. (ECF No. 1, ¶¶ 28-31.) Derosia alleges that, as a result of this false statement, she was

confused and had to spend time and money investigating the Notice and the consequences of any potential responses to it. (ECF No. 1, ¶¶ 34-36.)

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accepting as true all well-pleaded facts, the court determines whether they give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## ANALYSIS

### FDCPA

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing 15 U.S.C. § 1692e). The FDCPA also prohibits the "use or distribution of any written communication … which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9).

To state a claim under § 1692e Derosia must plausibly allege that the Notice would materially mislead or confuse an unsophisticated consumer. *See Boucher*, 880 F.3d at 366. "Because this inquiry involves a fact-bound determination of how an

unsophisticated consumer would perceive the statement, dismissal is only appropriate in cases involving statements that plainly, on their face, are not misleading or deceptive." *Id*. (citing *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814-15 (7th Cir. 2016)). When ruling on a Rule 12(b)(6) motion, a district court "must tread carefully before holding that a letter is not confusing as a matter of law" because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *Boucher*, 880 F.3d at 367 (citing *McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)). The unsophisticated consumer is considered uninformed, naive, or trusting, but nonetheless deemed to possess rudimentary knowledge about the financial world and capable of making basic logical deductions. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005).

A statement cannot mislead for purposes of the FDCPA unless it is material. *Hahn v. Triumph P'ships*, LLC 557 F.3d 755, 758 (7th Cir. 2009). The FDCPA is designed to provide information that helps consumers choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). *Id*. at 757-58. To be material, a statement must "influence a consumer's decision … to pay a debt." *Boucher*, 880 F.3d at 366 (quoting *Muha v. Encore Receivables Management, Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Even a statement that is false in a technical sense does not violate the FDCPA if it would not mislead the unsophisticated consumer. *Hahn v. Triumph Partnerships LLC*, 557

4

F.3d 755, 757-58 (7th Cir. 2009) (citing *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009)).

In her complaint Derosia alleges that the statement in Tasman's Notice that "[t]his Collection Agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions" was false. (ECF No. 1, ¶¶ 26-30.) "Tasman does not, in fact, hold a Wisconsin Collection Agency License[]" and "is not licensed as a collection agency by the Division of Banking or any other Wisconsin governmental agency." (ECF No. 1, ¶¶ 28-29.) The complaint further alleges that "[a] false statement about a debt collector's licensing status is a material false statement[]" because it "suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." (ECF No. 1, ¶ 33.) The complaint then alleges that Derosia "was confused" by the letter and "had to spend time and money investigating" the letter and the consequences of any potential responses to it. (ECF No. 1, ¶¶ 34-35.) As a result, Derosia alleges, Tasman violated both the FDCPA and the WCA.

In moving to dismiss the complaint, Tasman argues that, although it is not (as the Notice states) "licensed by the Division of Banking in the Wisconsin Department of Financial Institutions" as a collection agency, it *is* licensed with the Wisconsin Department of Financial Institutions as a "Sales Finance Company." (ECF No. 13 at 7.) It argues that the alleged misrepresentation in the letter it sent to Derosia is not material

5

because Derosia "has not alleged, and cannot allege, facts sufficient to plausibly suggest that knowledge of which specific license Tasman holds with the DFI … influenced her decision or ability to pay or challenge the Debt." (ECF No. 13 at 8.) Although the complaint alleges that Derosia had to spend time and money investigating the Notice and the consequences of any possible response, Tasman argues that it does not allege that her investigation, or the consequences of her potential responses, were any different because the Notice referred to Tasman as a collection agency rather than as a sales finance company. (*Id.*)

Derosia responds by arguing that, "[p]resented with Tasman's letter, the unsophisticated consumer would undoubtedly believe Tasman's statement and interpret it to mean that Tasman is licensed as a collection agency." (ECF No. 15 at 8.) The fact that Tasman holds a license as a sales finance company is irrelevant given that there is nothing in the Notice that would prompt the unsophisticated consumer to investigate whether Tasman held a license other than the one referenced in the Notice. (*Id*. at 8-9.)

Derosia argues that the false statement that Tasman was licensed as a collection agency with the Wisconsin Department of Financial Institutions is material for two reasons. First, as alleged in the complaint, it "lends legitimacy to the debt collector." (ECF No. 15 at 12, fn. 2.) Second, in the event a consumer were to investigate Tasman's

claim that it was licensed as a collection agency and discovered that it was not, the consumer "would be more likely to assume the letter is a scam and ignore it[.]" (*Id.*)

With regard to Derosia's argument that the Notice "lent legitimacy" to Tasman, it is true that false statements about licensing may suggest that the state has essentially "vouched for" the debt collector. *Radaj v. ARS Nat. Services, Inc.*, No. 05-C-0773, 2006 WL 2620394 at *4 (E.D. Wis. Sept. 12. 2006). However, Tasman *was* licensed by the state of Wisconsin to collect debts--albeit in its capacity as a sales finance company rather than as a collection agency. Despite the different type of license, the state *did*, in essence, "vouch for" Tasman. For the sake of argument, to the extent that being licensed by the state lends an entity legitimacy, Tasman was legitimately licensed and empowered to collect the debt owed by Derosia. In that respect, the false statement in the Notice was not material.

As for Derosia's argument that a consumer might ignore the Notice if he or she were to investigate and discover that Tasman was not, as the Notice stated, a "collection agency" licensed by the Division of Banking in Wisconsin Department of Financial Institutions, nothing in the Notice would cause an unsophisticated consumer to embark upon any such investigation. Indeed, that is the problem with the Notice as described in the complaint: nothing about it would give an unsophisticated consumer reason to believe that Tasman was *not* a licensed collection agency. In fact, Derosia's brief opposing Tasman's motion to dismiss specifically acknowledges that an unsophisticated

consumer "would undoubtedly believe Tasman's statement[.]" (ECF No. 15 at 8.) That concession undermines Derosia's claim that the false statement in the Notice was material because of its potential to lead an unsophisticated consumer to learn that Tasman is not in fact a collection agency licensed by the Wisconsin DFI. *See Turner v. J.V.D.B. Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (the debt collector's communication is to be viewed through the eyes of an unsophisticated, but reasonable, consumer).

But what about a consumer sophisticated enough to check the Wisconsin DFI website (the address of which was provided next to the statement in the Notice) to see whether Tasman, in fact, is a collection agency licensed with the DFI? Anyone conducting such a check would see that Tasman indeed is *not* a collection agency licensed with the DFI. And, Derosia argues, upon learning that Tasman is not a collection agency licensed with the DFI, such a consumer would be more likely to assume the letter is a scam and ignore it. Does the FDCPA not protect the slightly more sophisticated consumer as well as the unsophisticated?

Most (indeed, almost all) case law discusses the FDCPA in the context of protecting unsophisticated consumers. And that makes sense. It would gut the purpose of the FDCPA if those most vulnerable to tactics which violate the act were left unprotected on some sort of a "they should have known better" basis. But the mere fact that the law protects unsophisticated consumers does not mean that consumers that

might be slightly more sophisticated are left out in the cold. *See Pogorzelski v. Patenaude & Felix APC*, No. 16-CV-1330, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017) (the FDCPA in essence "enlists the efforts of sophisticated consumers…as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others") (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008)). And this case is a good example as to why that must be. A consumer sophisticated enough to do a little homework could be led to reach a conclusion (that the letter was a scam) that would have been wrong. And such a consumer would have been led to that conclusion by the false and misleading statement in Tasman's Notice. Under those circumstances, the false statement *would* be material.

Derosia has sufficiently alleged a claim under the FDCPA.

**WCA**

The WCA prohibits debt collectors from using a communication which "gives the appearance of being authorized, issued or approved by a government, government agency, or attorney-at-law when it is not." Wis. Stat. § 427.104(1)(k). A debt collector is "any person engaging, directly or indirectly, in debt collection[.]" Wis. Stat. § 427.103(2). Debt collection is "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." Wis. Stat. § 427.103(2). The term "merchant" includes but is not limited to "a

9

seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person. The term also includes a person who by his or her occupation holds himself or herself out as having knowledge or skill peculiar to such practices." Wis. Stat. § 421.301(25).

Tasman argues that it is not a merchant and, thus, cannot be deemed a debt collector for purposes of the WCA. (ECF No. 13 at 9.) Tasman argues that the complaint does not allege that it engages in consumer transactions or that it is a seller, manufacturer or arranger of credit. (*Id*.) And the fact that it purchases consumer debt, acquiring the right to pursue debtors for past due balances, does not make it a "creditor" for purposes of the WCA, citing *Rsidue, LLC v. Michaud*, 2006 WI App 164 ¶ 14, 205 Wis. 2d 585, 721 N.W.2d 718. (*Id.* at 9-10.)

The issue is not whether Tasman is a creditor under the WCA but whether it is a merchant under the WCA. Wis. Stat. § 427.103(2). Creditors are only one subset of merchants. Tasman does not dispute that Synchrony provided credit to Derosia and was a "merchant" within the meaning of the WCA. As the purchaser of Derosia's consumer debt from Synchrony, Tasman is the assignee or successor of a merchant under the WCA. Thus, Derosia has adequately alleged that Tasman is a debt collector under the WCA.

**Standing**

A plaintiff must allege more than a bare procedural violation, divorced from any concrete harm, to satisfy the injury in fact Article III standing requirement. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, (2016). However, "a plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against" and "satisfies the concrete injury in fact requirement of Article III." *Pogorzelski v. Patenaude & Felix APC*, No. 16-CV-1330, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017).

Derosia alleges that Tasman violated her rights under the FDCPA by falsely claiming that it is a collection agency licensed by the DFI. Derosia's allegation regarding the misrepresentation of Tasman's licensing status sufficiently pleads a concrete injury-in-fact for purposes of standing. Therefore, Tasman's motion to dismiss based on lack of standing will be **denied**.

**IT IS THEREFORE ORDERED** that Tasman's motion to dismiss (ECF No. 12) is **denied.**

**IT IS FURTHER ORDERED** that Derosia's motion to file sur-reply brief (ECF No. 17) is **denied**.

Dated at Milwaukee, Wisconsin this 27th day of March, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge